JAMES F. McKAY III, Judge.
hThe appellant, Boston Old Colony Insurance Company (Boston Old Colony)[1] seeks a remand of this matter to the trial court for a determination of the amount of money the judgment awards so that judgment can be determined to have been satisfied.
This case involves the coordination of Bobby Davenport’s workers’ compensation benefits with his social security benefits. Bobby Davenport was employed as a welder for Bez, Inc. when he fell from scaffolding during the course and scope of his employment. He was rendered permanently and totally disabled entitling him to receive social security disability benefits. On June 17, 1994, Boston Old Colony was granted judgment in its favor recognizing an entitlement to a social security set off pursuant to La. R.S. 23:1225. On June 16, 2001, Bobby Davenport turned 65 years of age and he ceased receiving Social Security Disability benefits and began to receive Retirement and Old Age benefits from the Social Security Administration. Boston Old Colony, after this date, continued to take the Social Security Reverse Offset. On May 5, 2004, Bobby Davenport filed a | aMotion to Increase Weekly Indemnification Benefits. The trial court ordered Boston Old Colony to cease taking the reverse offset and to pay Bobby Davenport past-due benefits from June 16, 2001, through the date of the hearing on Mr. Davenport’s motion. The trial court entered judgment on May 17, 2005, granting the relief as well as finding Boston Old Colony arbitrary and capricious and granting 12% attorney’s fees to Mr. Davenport.
*1121 On July 18, 2005, the appellant contemporaneously filed a Motion to Determine Judgment Amount and a Motion for New Trial and/or Motion for Reconsideration. On July 19, 2005, Boston Old Colony filed a “Designation of Appellate Record”, designating only the trial court’s judgment dated May 17, 2005, as the court record for its devolutive appeal. Mr. Davenport argues that the trial court’s written reasons were not made a part of Boston Old Colony’s designation of appellate record, although they are included in the record before us.
There is no evidence in the record to establish that the trial court ever ruled on these motions. Neither is there any transcript in the record for this Court to examine to determine what transpired below. Attached as exhibit 9 to Mr. Davenport’s appeal brief is a copy of an order signed by the trial court setting a hearing date of September 13, 2005 on the Motion to Determine Judgment Amount and the Motion for New Trial and/or Motion for Reconsideration. Possibly due to Hurricanes Katrina and Rita, this date was not an operable date. However, that cannot be determined from the record before us. On October 31, 2006, this Court issued to appellant a rule to show cause why this appeal should not be dismissed as | ¡¡premature. On November 16, 2006, appellant filed a response to this order, which has failed to demonstrate why this appeal should not be dismissed. Based on the record before this Court a clear determination cannot be made as to whether the trial court acted on the motion for new trial and/or reconsideration.
Accordingly, this appeal is dismissed as premature. See. La.C.C. P. art. 2087(D).
APPEAL DISMISSED.

. Boston Old Colony's successor is CNA Insurance Company.